# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INNOVATIO IP VENTURES, LLC, | |
| Plaintiff, | Case No. 12-cv-3858 |
| v. | |
| DELTA AIR LINES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

For its original complaint for patent infringement, Plaintiff Innovatio IP Ventures, LLC ("Innovatio"), by and through its undersigned counsel, alleges as follows:

## THE PARTIES

1. Plaintiff Innovatio is a limited liability company organized under the laws of the State of Delaware with a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

2. On information and belief, Defendant Delta Air Lines, Inc. ("Delta Air") is a corporation organized under the laws of the State of Delaware, has a principal place of business at Post Office Box 20706, Atlanta, Georgia 30320, and does substantial business within this District, including operating airplanes that frequently travel within this District, including through O'Hare and Midway airports.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant.

5. Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## PATENTS-IN-SUIT

6. On March 30, 2004, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '559 Patent is attached as Exhibit A.

7. On June 10, 2008, the USPTO duly and legally issued U.S. Patent No. 7,386,002 ("the '002 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '002 Patent is attached as Exhibit B.

8. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,535,921 ("the '921 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '921 Patent is attached as Exhibit C.

9. On June 16, 2009, the USPTO duly and legally issued U.S. Patent No. 7,548,553 ("the '553 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '553 Patent is attached as Exhibit D.

10. On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit E.

11. On August 17, 1999, the USPTO duly and legally issued U.S. Patent No. 5,940,771 ("the '771 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '771 Patent is attached as Exhibit F.

12. On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit G.

13. On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit H.

14. On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit I.

15. On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit J.

16. On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit K.

17. On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit L.

18. On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit M.

19. On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '907 Patent is attached as Exhibit N.

20. On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit O.

21. On January 18, 2011, the USPTO duly and legally issued U.S. Patent No. 7,873,343 ("the '343 Patent") titled "Communication Network Terminal With Sleep Capability." A copy of the '343 Patent is attached as Exhibit P.

22. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,536,167 ("the '167 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '167 Patent is attached as Exhibit Q. The seventeen patents identified in paragraphs 6-22 are hereinafter referred to collectively as the "WLAN Patents."

23. Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the WLAN Patents, including the right to sue for and collect past damages.

**DEFENDANT'S KNOWLEDGE OF THE WLAN PATENTS**

24. Defendant Delta Air has been aware and on actual notice of the WLAN Patents since on or about December 23, 2011, when Innovatio wrote to Delta Air and provided it with actual notice of its infringement of the WLAN Patents.

**COUNT ONE**
**INFRINGEMENT OF THE '559 PATENT**

25. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

26. Defendant has infringed and continues to infringe one or more claims of the '559 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 6, 7, and 8 of the '559 Patent.

## COUNT TWO
## INFRINGEMENT OF THE '002 PATENT

27. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

28. Defendant has infringed and continues to infringe one or more claims of the '002 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 14-16, 18, and 19 of the '002 Patent.

## COUNT THREE
## INFRINGEMENT OF THE '921 PATENT

29. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

30. Defendant has infringed and continues to infringe one or more claims of the '921 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products

practice the methods of, by way of example and not limitation, at least claims 1, 2, 5, 7, and 8 of the '921 Patent.

## COUNT FOUR
## INFRINGEMENT OF THE '553 PATENT

31. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

32. Defendant has infringed and continues to infringe one or more claims of the '553 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 10-12, 17, 19, and 20 of the '553 Patent.

## COUNT FIVE
## INFRINGEMENT OF THE '366 PATENT

33. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

34. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '366 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent.

35. Plaintiff further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has, with specific knowledge of the '366 Patent, induced and contributed to the direct infringement by others of one or more claims of the '366 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant's customers, employees, and or the public throughout the United States, including in this judicial district, WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT SIX
## INFRINGEMENT OF THE '771 PATENT

36. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

37. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '771 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 1-7 of the '771 Patent.

38. Plaintiff further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has, with specific knowledge of the '771 Patent, induced and contributed to the direct infringement by others of one or more claims of the '771 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant's customers, employees, and or the public throughout the United States, including in this judicial district,

WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 1-7 of the '771 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT SEVEN
## INFRINGEMENT OF THE '311 PATENT

39. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

40. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '311 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent.

41. Plaintiff further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has, with specific knowledge of the '311 Patent, induced and contributed to the direct infringement by others of one or more claims of the '311 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant's customers, employees, and or the public throughout the United States, including in this judicial district, WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent as a whole to perform the claimed processing of such systems, and where such

customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT EIGHT
## INFRINGEMENT OF THE '646 PATENT

42. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

43. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '646 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 14-17, 19-22, 26-35, 39-40, 43-45, 47, 49-51, 53-56, 59-64, 66-69, 71-73, 79, 82-89, 91-94, 98-104, 107, 108, 111, 112, 114-123, 125-128, 130, 135-137, 143, and 144 of the '646 Patent.

## COUNT NINE
## INFRINGEMENT OF THE '397 PATENT

44. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

45. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '397 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such

WLAN products infringe, by way of example and not limitation, at least claims 1-5 of the '397 Patent.

## COUNT TEN
## INFRINGEMENT OF THE '893 PATENT

46. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

47. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '893 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 7-11 of the '893 Patent.

48. Plaintiff further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has, with specific knowledge of the '893 Patent, induced and contributed to the direct infringement by others of one or more claims of the '893 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant's customers, employees, and or the public throughout the United States, including in this judicial district, WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 7-11 of the '893 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

**COUNT ELEVEN**
**INFRINGEMENT OF THE '536 PATENT**

49. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

50. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '536 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-17, 19, 20, and 49 of the '536 Patent.

51. Plaintiff further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has, with specific knowledge of the '536 Patent, induced and contributed to the direct infringement by others of one or more claims of the '536 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant's customers, employees, and or the public throughout the United States, including in this judicial district, WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 20 and 49 of the '536 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

**COUNT TWELVE**
**INFRINGEMENT OF THE '415 PATENT**

52. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

53. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '415 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 11, 12, and 15 of the '415 Patent.

**COUNT THIRTEEN**
**INFRINGEMENT OF THE '138 PATENT**

54. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

55. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '138 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent.

56. Plaintiff further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has, with specific knowledge of the '138 Patent, induced and contributed to the direct infringement by others of one or more claims of the '138 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant's customers, employees, and or the public throughout the United States, including in this judicial district, WLANs, where such customers, employees, and/or the public cause the systems of, by way of

example and not limitation, at least claims 15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT FOURTEEN
## INFRINGEMENT OF THE '907 PATENT

57. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

58. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '907 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1, 7, 10, 12, 13, 15-17, 20, 21, 23, 24, 30, 33, 35, 36, 38, 39, 40, 43, 44, and 46-50 of the '907 Patent.

## COUNT FIFTEEN
## INFRINGEMENT OF THE '747 PATENT

59. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

60. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '747 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such

WLAN products infringe, by way of example and not limitation, at least claims 1-3, 5-8, 11, 13, 16, 17, and 20-25 of the '747 Patent.

## COUNT SIXTEEN
## INFRINGEMENT OF THE '343 PATENT

61. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

62. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '343 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1-6, 8-12, 15-20, 22, 23, 25, 28-30, 31-36, 38-42, 45-50, 52, 53, 55, and 58-60 of the '343 Patent.

## COUNT SEVENTEEN
## INFRINGEMENT OF THE '167 PATENT

63. Innovatio repeats and realleges the allegations of the preceding paragraphs 1-24 as if fully set forth herein.

64. Plaintiff believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant has infringed and continues to infringe one or more claims of the '167 Patent in violation of 35 U.S.C. § 271(a) by using throughout the United States, including in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims

73-77, 79-83, 85, 89-97, 100, 102-107, 109-113, 115, 119-127, 130, 132-134, and 203 of the '167 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief, including:

A. That Defendant be adjudged to have infringed one or more claims of each of the WLAN Patents;

B. That Defendant and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any WLAN product, system or network that infringes any WLAN Patent;

C. That Defendant account for damages sustained by Innovatio as a result of Defendant's infringement of the WLAN Patents, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284;

D. That the Court award Innovatio its costs, expenses, and attorneys' fees pursuant to at least 35 U.S.C. § 285; and

D. That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Innovatio demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 18, 2012 /s/ *Matthew G. McAndrews*

Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
E-mail: rnirojr@nshn.com
E-mail: mmcandrews@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com

*Attorneys for Plaintiff,*
INNOVATIO IP VENTURES, LLC